## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

*DOUGLAS ALAN BEAN,*　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　*Plaintiff*　　　　　)
　　　　　　　　　　　　　　　　　　)
*v.*　　　　　　　　　　　　　　　　)　　　*No. 2:16-cv-00174-JDL*
　　　　　　　　　　　　　　　　　　)
*CAROLYN W. COLVIN, Acting*　　　　)
*Commissioner of Social Security,*　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　*Defendant*　　　　　)

### RECOMMENDED DECISION ON MOTION TO DISMISS

The defendant, the acting commissioner of Social Security, moves to dismiss this appeal from the denial of the plaintiff's application for Social Security benefits, on the ground that it was untimely filed.  I recommend that the court grant the motion.

### I.  Applicable Legal Standards

### A.  Rule 12(b)(6)[1]

The Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted).  This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  "A claim has facial plausibility when the plaintiff pleads

---

[1] A motion to dismiss based upon a statute of limitations must be construed to invoke Federal Rule of Civil Procedure 12 (b)(6).  *Ritchie v. Apfel*, No. 98-226-B, 1999 WL 1995198, at *1 (D. Me. Mar. 11, 1999).

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011).

## B.   Section 405(g)

Section 205(g) of the Social Security Act provides that an individual may obtain review of a final decision of the commissioner "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g).  Under the applicable regulation, a claimant is presumed to have received such notice within "[five] days after the date of such notice, unless there is a reasonable showing to the contrary."  20 C.F.R. § 422.210(c).  Accordingly, absent an extension by the Appeals Council predicated "upon a showing of good cause," *id*., a claimant has 65 days from the date of the commissioner's final decision to commence a timely action for review of that decision.

> The Congressional intent embodied in 42 U.S.C. § 405(g) was "to impose a 60-day limitation upon judicial review of the [Commissioner's] final decision on the initial claim for benefits."  *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  The 60-day filing period is not jurisdictional, but rather amounts to a statute of limitation and compliance with it is a condition imposed on the United States' waiver of sovereign immunity that must be strictly construed.  *Piscopo v. Sec'y of Health & Human Servs.*, No. 93-2326, 1994 WL 283919, at *3 . . . (1st Cir. June 27, 1994) . . . .

> The 60-day limit is not absolute, however, because the statute does vest authority in the Commissioner to extend that period in appropriate cases.  Because Congress has vested authority in the Commissioner to extend the 60-day limitations period, courts should extend the filing period only in cases "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate."  *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).

*Strong v. Social Sec. Admin. Comm'r*, No. 2:10-cv-00427-GZS, 2011 WL 534042, at *2 (D. Me. Jan. 26, 2011).

Equitable tolling of the statute of limitations is appropriate upon a litigant's showing "that he has been pursuing his rights diligently" *and* "that some extraordinary circumstance" prevented him from timely filing his lawsuit. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

## II.  Factual Background

On June 24, 2014, an administrative law judge issued a decision denying the plaintiff's claim for benefits.  Declaration of Elsye Kattengell, Court Case Preparation and Review Branch 2, Office of Disability Adjudication and Review, Social Security Administration ("Kattengell Decl.") (ECF No. 8-1) ¶ 3(a).  The plaintiff requested review of this decision.  *Id.*  On December 8, 2015, the Appeals Council sent notice of its action on the plaintiff's request for review to the plaintiff with a copy to his representative.  *Id.*  The notice also informed the plaintiff that he had the right to commence a civil action within 60 days from the date of receipt of the notice.  *Id.*

The plaintiff did not file a request for an extension of time in which to file a civil action as specified in the notice, 42 U.S.C. § 405(g), and 20 C.F.R. § 422.210.  *Id.* ¶ 3(b).  The plaintiff filed his complaint in this court on March 22, 2016 (ECF No. 1), 40 days beyond the statutory and regulatory deadline of February 11, 2016.

The plaintiff does not dispute any of these dates.  Rather, he seeks equitable tolling of the deadline.  Amended Objection to Social Security Agency's Motion to Dismiss ("Objection") (ECF No. 10) at 2.  He bases his argument on the following additional facts.

His representative initially attempt to file the complaint in this action by mailing it to this court on February 8, 2016.  Affidavit of Tracy L. West, J.D., Law Clerk[,] Law Offices of Anthony J. Sineni, III, LLC ("West Aff.") (included in ECF No. 10) ¶ 1.  He says that the complaint was returned to his attorney's office because his attorney is registered to use this court's electronic

3

filing system and such documents are required to be filed electronically, although he does not say when the returned documents were received, Objection at 3, and does not mention any written explanation and/or telephone call from the office of the clerk of this court that customarily accompanies such a return.

The law clerk in the attorney's office assumed that the return of the documents meant that they had been "entered onto the docket." *Id.* On March 22, 2016, the law clerk called the office of the clerk of this court to obtain a summons to serve on the defendant, and was then informed verbally that the complaint could only be filed electronically. West Aff. ¶¶ 3-4. She then "immediately" filed the complaint electronically. *Id.* ¶ 6. She professes that she had never before filed an action in federal court, was unfamiliar with the electronic filing system in this court, was unfamiliar with Social Security cases, and was unaware that there was a deadline for filing appeals from the denial of applications for Social Security benefits. *Id.* ¶¶ 2, 7-8.

### III.  Discussion

The plaintiff contends that equitable tolling of the statutory deadline is appropriate in this case because "[t]here was lack of actual notice of the time limit, as the law clerk believed the Complaint filed was the initiation of a cause of action[,]" and believed that the return of the paper documents "s[h]ow[ed] proof of filing with the Court[,]" citing *Muldoon v. Astrue*, 590 F.Supp.2d 188, 194 (D. Mass. 2008). Objection at 4.

However, the actual notice of the deadline was provided by the Notice of Appeals Council Action dated December 8, 2015 ("Notice") (Exh. 2 to Kattengell Decl.), which the plaintiff admits that he received on December 14, 2015. Objection at 2. The notice clearly advises the plaintiff of his right to judicial review and of the fact that any request for such review must be filed within 60 days after receipt of the notice. Notice at 2-3. The *Muldoon* list of factors to be considered in determining whether equitable tolling should apply when a claimant has missed the deadline is

4

taken from *Jobe v. I.N.S.,* 238 F.3d 96  (1st Cir. 2001*)*, which sets forth five factors to be applied

in evaluating a claim of entitlement to equitable tolling:

> a lack of actual notice of a time limit; (2) a lack of constructive notice of a time limit; (3) diligence in the pursuit of one's rights; (4) an absence of prejudice to a party opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit.

*Id*. at 100.

 The actual notice provided to the plaintiff here is all that is required.  *See De Oliveira v. Astrue*, Civil Action No. 10-11905-JLT, 2011 WL 7099971, at *5 (D. Mass. Aug. 1, 2011).

With regard to the second *Jobe* factor, the plaintiff makes no claim of a lack of constructive notice of the time limit.  Objection at 4.  As to diligence, he next appears to assert that he was diligent in pursuit of his rights because the law clerk "immediately filed the documents via email" when she learned that the paper filing had been rejected.  *Id.*  But, waiting over a month, from February 8 to March 22, to question the court about the law firm's failure to receive an expected summons to use in serving the defendant with the complaint is not diligent.  As to the fourth factor, the plaintiff asserts that the defendant is not prejudiced by his delay because "no evidence is lost, and the allegations remain the same, and witness memories have not faded."  *Id.*  The defendant does not contend that she has been prejudiced by the plaintiff's untimely filing,[2] but I note that a disappointed applicant for benefits could wait years before seeking judicial review and make the same argument because an appeal to this court from the denial of benefits is generally limited to the administrative record.

Finally, as to the final *Jobe* factor of reasonableness, the plaintiff asserts that "[t]he law clerk was reasonable in the belief that the documents were to be filed in paper with the federal

---

[2] The plaintiff also discusses the prejudice to him if he is not allowed to proceed, Objection at 4, but it is only the prejudice to the party opponent that is relevant.  *Jobe*, 238 F.3d at 100.  Whenever a plaintiff misses a dispositive filing deadline, he will likely suffer "prejudice" if he is not relieved of the effect of his own error.

court" due to her lack of experience.  Objection at 4.  It is ignorance of the time limit that must be reasonable, not of the filing requirements in the relevant federal district court.  In any event, the law clerk's beliefs and actions were not reasonable.  The law firm for which she worked was enrolled in the electronic filing system of this court; her ignorance of this fact does not extend to the firm or its clients.  Nor was it reasonable for the plaintiff to rely on the law clerk's apparent failure to read the notice provided to the law firm and to the plaintiff by the Appeals Council, which clearly stated the deadline.  *See, e.g., De Oliveira*, 2011 WL 7099971, at *5.

The plaintiff has not shown that any "extraordinary circumstances" prevented him from complying with the deadline for filing his complaint in this action.  "The fundamental principle is that equitable tolling is appropriate only when the circumstances that cause a [party] to miss a filing deadline are out of his hands."  *Jobe*, 238 F.3d at 100 (citation and internal quotation marks omitted).  None of the circumstances that the plaintiff's law firm contends caused it to miss the filing deadline in this case were out of its hands.

### IV. Conclusion

For the foregoing reasons, I recommend that the court **GRANT** the defendant's motion to dismiss.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for*

*oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 14th day of November, 2016.

<u>/s/  John H. Rich III</u>
John H. Rich III
United States Magistrate Judge